IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE R. PARKS, )
)
Plaintiff, )
)
v. ) Case No. 19-cv-1115-EFM-TJJ
)
METROPOLITAN LIFE INSURANCE )
COMPANY, )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Discovery (ECF No. 18).

Plaintiff seeks to conduct discovery regarding matters in and beyond the administrative record

Defendant timely produced. In this action, Plaintiff brings a claim to recover benefits under an

accidental death and dismemberment (AD&D) policy Defendant issued to Plaintiff's employer.

Plaintiff claims he is entitled to benefits under 29 U.S.C. § 1132(a)(1)(B), a provision of the

Employee Retirement Income Security Act of 1974, as amended (ERISA). Defendant denied

Plaintiff's claim for benefits.

Defendant opposes the motion. For the reasons stated below, the Court will deny

Plaintiff's motion.

I. **Background**

Plaintiff brought this case in the District Court of Kearny County, Kansas, as a breach of

contract claim.[1] Defendant removed the action to this court because it asserts a claim under and

_____

[1] Petition (ECF No. 1-1).

is preempted by ERISA.[2] Plaintiff later amended his complaint to make clear that his claim is one for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).[3] Pursuant to the Court's Scheduling Order,[4] Defendant timely produced the administrative record related to Plaintiff's claim for benefits, and Plaintiff asserted objections to the record and filed the instant motion.

## II.    Legal Standard

In determining whether to allow discovery in an ERISA case alleging denial of benefits, the standard under which the court will review the claims administrator's decision is relevant. The court is to apply a *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[5] If the plan gives the administrator discretionary authority, the court applies an arbitrary and capricious standard of review.[6] And when the court does apply the arbitrary and capricious standard of review, "the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision."[7] In other words, review is usually "limited to the administrative record—the materials compiled by the administrator in the

---

[2] *See* Notice of Removal (ECF No. 1).

[3] Amended Complaint (ECF No. 26).

[4] ECF No. 14.

[5] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[6] *Id.*

[7] *Id.*

course of making his decision."[8]  And it "is the unusual case in which the district court should

permit supplementation of the record."[9]

"The party moving to supplement the record or engage in extra-record discovery bears

the burden of showing its propriety."[10]  When an inherent conflict of interest arises because

defendant is both the administrator and payor of claims, courts in this district apply Federal Rule

of Civil Procedure 26(b) to requests for discovery related to a dual-role conflict of interest.[11]  In

other words, parties are entitled to discovery regarding matters that are both "relevant to any

party's claim or defense and proportional to the needs of the case."[12]  Applying Rule 26 requires

the court to balance its discretion with "both the need for a fair and informed resolution of the

claim and the need for a speedy, inexpensive, and efficient resolution of the claim."[13]

## III.    Analysis

After reviewing the administrative record, Plaintiff concludes that Defendant's denial of

benefits was based upon the Group Term Life and AD&D Insurance Plan for Wheatland Electric

Cooperative, Inc. (the "Plan") dated 2011.  Plaintiff asserts that the record contains no plan

document dated 2015 (the year of Plaintiff's accident) or 2017 (the year of Plaintiff's

---

[8] *Holcomb v. Unum Life Ins. Co. of Am.*, 578 F.3d 1187, 1192 (10th Cir. 2009).

[9] *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002).

[10] *Id.*

[11] *See O'Sullivan v. Hartford Life & Accident Ins. Co.*, No. 18-1250-JTM-GEB, 2019 WL 2208149, at * 3 (D. Kan. May 22, 2019); *Parker v. Sun Life Assur. Co. of Can.*, No. 16-2554-JAR-JPO, 2017 U.S. Dist. LEXIS 42951, at *2 (D. Kan. Mar. 23, 2017).

[12] Fed. R. Civ. P. 26(b)(1).

[13] *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010).

amputation).  Plaintiff disputes the applicability of the 2011 Plan, and argues he is entitled to

"request discovery of Defendant to produce the plans in effect in 2015 and 2017."[14]   Plaintiff

offers no basis for his belief that the 2011 Plan does not govern.

Plaintiff also seeks "further information to understand how and why MetLife would

determine 'date of accident' and 'date of loss' as the same date" in deciding his claim.[15]  And

pointing to the conflict of interest arising from Defendant both deciding claims and paying

benefits, Plaintiff asserts discovery "is warranted to determine the extent of the apparent conflict

of interest."[16]  However, Plaintiff gives no indication what discovery he proposes.

In response to Plaintiff's objection to the administrative record, Defendant confirmed that

the Plan Document it produced was in effect at the time of Plaintiff's September 16, 2015 injury.

However, Defendant has also produced the following items, none of which it believes apply to

Plaintiff's claim: (1) the Plan Document that became effective on January 1, 2016, (2) all riders

to the Certificate of Insurance dated December 1, 2011, and (3) Summaries of Material

Modifications to the Summary Plan.

In response to the instant motion, Defendant recites the undisputed facts that Plaintiff's

accidental injury occurred on September 16, 2015 and Plaintiff's loss (amputation of his right

hand) occurred on April 14, 2017.  The Plan requires a "covered loss" to occur within twelve

months of the date of the accidental injury.  Defendant asserts it applied the unambiguous Plan

terms to conclude that the "loss" was the amputation and the "accidental injury" was the

---

[14] ECF No. 19 at 2.

[15] *Id.* at 1.

[16] *Id.* at 2.

electrical injury.  Defendant explained its determination in letters to Plaintiff dated July 27, 2017

and December 28, 2017.[17]   Defendant produced all correspondence as part of the administrative

record, thereby demonstrating that it was the claim fiduciary responsible for determining

Plaintiff's claims initially and on appeal.

Plaintiff has not filed a reply in support of his motion.  The Court therefore accepts

Defendant's representation that it has produced all documents Plaintiff requested and provided

answers to Plaintiff's questions.  The Court finds that Plaintiff has not sought and is not entitled

to any additional discovery.

The Court concludes that Plaintiff has failed to meet his burden to demonstrate why

discovery beyond the administrative record is necessary.  Accordingly, the Court denies his

motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Discovery (ECF No. 18) is

**DENIED.**

**IT IS SO ORDERED.**

Dated this 9th day of October, 2019, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[17] *See* ECF No. 22 at 5.